**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN F., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-4941 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ryan F. [1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying him disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment [Dkt. 14] is DENIED and Defendant's motion for summary judgment [Dkt. 15] is GRANTED. The final decision of the Commissioner is affirmed.

1.      **Procedural History**

On June 9, 2021, Plaintiff filed an application for disability insurance benefits; Plaintiff alleges disability for a closed period from his alleged onset date of June 4, 2019 through February 23, 2022 (the date when Plaintiff was able to once again engage in substantial gainful activity). [Administrative Record ("R.") 23.] The claim was denied initially and on reconsideration. *Id*. On January 25, 2024, after an Administrative Hearing, an Administrative Law Judge ("ALJ") found Plaintiff not disabled. [R. 23-38.] The Appeals Council denied review on March 5, 2025 [R. 1-6], rendering the ALJ's January 25, 2024 decision the final decision of the Commissioner. 20 C.F.R.

---

[1]      In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

1

§404.981. On May 5, 2025, Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

### 2. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal signals omitted) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion." *Hess*, 92 F.4th at 676; *Lincoln v. Bisignano*, No. 24-cv-2668, 2026 WL 1097737, at *2 (7th Cir. 2026). Finally, while reviewing a Commissioner's decision, the court does not second-guess the ALJ's judgment – the Court may not "substitute [its] own judgment for that of the Commissioner [,] reconsider facts, reweigh the evidence, resolve conflicts in the evidence, or decide questions of credibility." *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023).

3. **Discussion**

Plaintiff contends the ALJ erred by "erroneously cherry-pick[ing] evidence of record to support her decision." [Dkt. 14 at 11.] Plaintiff then goes on to provide the Court with multiple paragraphs of medical evidence that allegedly support Plaintiff's disabilities. However, the Court must review the ALJ's decision deferentially and cannot reweigh the evidence, *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023), as Plaintiff seemingly asks the Court to do when he argues what "[t]he medical evidence shows…" in this case. [Dkt. 14 at 11]. After all, weighing the evidence of record lies within the exclusive domain of the ALJ. *See Vernice S-P v. Kijakazi*, No. 21-cv-1214, 2022 WL 16553038, at *6 (N.D. Ill. Oct. 31, 2022) (citing *Ehrhart v. Sec'y of Health & Hum. Servs.*, 969 F.2d 534, 541 (7th Cir. 1992)).

Further, an ALJ "need not address every piece or category of evidence" a plaintiff may want him to address. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *Pepper v. Colvin*, 712 F.3d 351, 363 (7th Cir. 2013) ("an ALJ is not required to discuss every snippet of information from the medical records that might be inconsistent with the rest of the objective medical evidence") (citation omitted). Importantly, here, the ALJ did not ignore evidence that was favorable to Plaintiff's claims. *See*, *e.g.*, [R. 31 ("continued to report having significant knee pain, stiffness, and clicking/popping"); R. 32 ("reported having pain and weakness and problems handling activities of daily living"); R. 33 ("after reporting worsening pain and swelling, he was given a steroid injection")]. What matters is whether the ALJ has ignored an entire line of evidence supporting disability. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021). Here, Plaintiff has identified no such line of evidence (nor does the Court believe there was one). In short, the ALJ was well aware of Plaintiff's knee pain, physical therapy, and related procedures such as debridement. The ALJ simply did not give the evidence the weight Plaintiff wanted. But this is not a valid basis upon which the Court may remand this matter.

3

Additionally, Plaintiff's claim that the "ALJ seems to have decided that because Plaintiff pushed himself to return to work, that he was not disabled at any time" [Dkt. 14 at 11] is not supported by the decision. While the ALJ most certainly noted Plaintiff's work attempts and discussed how that factored into her analysis, the ALJ also highlighted records showing problems when Plaintiff returned to work. *See*, *e.g.*, [R. 33 ("he had a 'repetitive history of returning to work full duty under heavy work conditions and each and every time his knee has flared back up'") (citing R. 1214)]. But there is no error in the ALJ taking account of Plaintiff's work and weighing it against the totality of the record, as the ALJ did here. *See Vrooman v. Kijakazi*, 2021 WL 3086196, *2 (7th Cir. July 21, 2021) (affirming where "ALJ further observed that Vrooman had worked, albeit through pain, during the period of his alleged disability, implying that his pain was not disabling. Although some evidence corroborated Vrooman's testimony, he has not shown that the ALJ was obligated to accept it as conclusive.").

Finally, Plaintiff argues the ALJ committed "legal error in her failure to recognize [Plaintiff's] cystitis and effects from that impairment." [Dkt. 14 at 15.] This argument is a nonstarter. The ALJ fully recognized Plaintiff's interstitial cystitis, addressing it in detail and finding it to be a non-severe impairment, emphasizing in particular how and why Plaintiff's testimonial complaints of frequent urination were "clearly *not* supported by any medical evidence." [R. 26-27 (ALJ's emphasis).] Plaintiff's argument—which relies on only one medical record—is an attempt to show that the ALJ should have weighed the evidence differently. [Dkt. 14 at 15 (citing R. 510)]. And again, it would be improper for the Court to reweigh the evidence in this manner as Plaintiff asks. *Fitschen*, 86 F.4th at 802; *Vernice S-P*, 2022 WL 16553038, at *6 (N.D. Ill. Oct. 31, 2022); *Ehrhart*, 969 F.2d at 541.

In sum, the Court finds the ALJ set forth a well-reasoned decision adequately addressing her reasoning for denying Plaintiff's closed period of disability from June 4, 2019 through the date

of the decision. For the foregoing reasons, the Court declines to remand this matter. Plaintiff's motion for summary judgment [Dkt. 14] is DENIED and Defendant's motion for summary judgment [Dkt. 15] is GRANTED. The final decision of the Commissioner is affirmed.

**ENTERED: June 3, 2026**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

5